ORIGINAL
D&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
TRUSTEES OF LOCAL 813 I.B.T.
INSURANCE TRUST FUND, THE LOCAL
813 I.B.T PENSION TRUST FUND AND
THE LOCAL 813 AND LOCAL 1034
SEVERANCE TRUST FUND,

              Plaintiffs,

    -against-

AMANDA CARTING CORP.,

              Defendant.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
No. 07-CV-656 (FB) (KAM)

*Appearances:*
*For the Plaintiffs:*
ARTHUR A. HIRSCHLER, ESQ.
Finkel Goldstein Berzow
Rosenbloom & Nash, LLP
26 Broadway, Suite 711
New York, NY 10004

**BLOCK, Senior District Judge:**

        Plaintiffs are trustees of employee-benefit trust funds ("the Funds")

established pursuant to a collective-bargaining agreement ("CBA") between the Funds and

Local 813, I.B.T. ("the Union"). In a complaint filed on February 14, 2007, the Funds allege

that defendant, Amanda Carting Corp., Corp. ("Amanda Carting"), employed Union

members, but has failed to pay contributions to the Funds as required by the CBA. As

Amanda Carting has failed to respond to the complaint or otherwise defend against the

action, *see* Docket Entry # 5 (Clerk's Notation of Default dated July 12, 2007), the Funds

now move for entry of a default judgment pursuant to Federal Rule of Civil Procedure

55(b)(2).

        A defendant's default is an admission of all well-pleaded allegations in the

complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

The Funds' allegations – now deemed admitted – that Amanda Carting (1) employed Union members, (2) was required by the CBA to remit contributions to the Funds on behalf of those employees, and (3) has failed to pay contributions for the periods of January 1, 2004 through December 31, 2004, and January 1, 2005 through December 31, 2005 – are sufficient to establish a breach of the CBA and, by extension, a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). Having established a violation of § 1145, the Funds are entitled to the following remedies:

  (A) the unpaid contributions,

  (B) interest on the unpaid contributions,

(C)  an amount equal to the greater of –

  (i)  interest on the unpaid contributions, or

  (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)  such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of [the Internal Revenue Code]." *Id.*

The Funds' motion for entry of a default judgment is granted. The matter is referred to the assigned magistrate judge for issuance of a Report and Recommendation ("R&R") as to the relief to be awarded under 29 U.S.C. § 1132(g)(2). Upon issuance of the magistrate judge's R&R, the plaintiffs are directed to serve defendant with a copy of the R&R by regular mail within 10 days, and to file proof of service with the Court.

**SO ORDERED.**

/signed/

FREDERIC B
Senior United States District Judge

Brooklyn, New York
July 18, 2007

3